UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AGUILAR HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00709-DJC-AC<br><br><br><br>ORDER |

Petitioner is presently in the custody of the United States Immigration and Customs Enforcement ("ICE") at the California City Detention Center.  Petitioner first entered the United States in 2008 but was detained and removed to Mexico. Petitioner re-entered the United States that same year and was detained by ICE in 2023.  Federal agents determined she as not a flight risk or danger to the community and paroled Petitioner into the United States with an order of supervision.  Petitioner was detained again on December 12, 2025, when she showed up for a required ICE check-in.  Petitioner has filed a Petition for Writ of Habeas Corpus, arguing that her present detention violates the Due Process Clause of the Fifth Amendment.  Pursuant to the Parties' requests, the Court converts the instant Motion for Temporary

Restraining Order into a Motion for Preliminary Injunction and GRANTS IN PART AND DENIES IN PART the Motion.

## BACKGROUND

Petitioner Maria Aguilar Hernandez is a citizen and national of Mexico. (Habeas Petition ("Pet.") ¶ 2.) Petitioner first entered the United States in 2008 without inspection, was detained and removed to Mexico. (*Id.*) She returned to the United States that same year and had lived here for 15 years when she was again detained by ICE in 2023. (*Id.*) Petitioner states that her 2023 detention occurred in the interior of the United States, and that immigration agents determined she was not a flight risk or danger to the community and released her into the United States with an order of supervision. (*Id.*) Since her release, Petitioner represents that she has complied with the requirements set forth by ICE and the United States Citizenship and Immigration Services ("USCIS") and has no criminal convictions. (*Id.* ¶¶ 3, 48.) Additionally, Petitioner has an asylum, withholding and CAT application which is pending before the Ninth Circuit on appeal. (*Id.* ¶ 47.)

On December 12, 2025, Petitioner appeared at a regular ICE check-in where she was detained. (*Id.* ¶ 8.) Petitioner was not informed as to why she was re-detained. (*Id.* ¶ 51.) She currently remains in custody at the California City Detention Facility where she has been denied a bond hearing for a lack of jurisdiction in the Immigration Court. (*Id.* ¶¶ 53, 60.) Petitioner has filed a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order (Mot. TRO (ECF No. 2)). The matter is fully briefed (Opp'n (ECF No. 9); (Reply (ECF No. 10)), and both Parties have requested the Court to convert the Motion into a Preliminary Injunction (Opp'n at 1; Reply at 8).[1]

---

[1] To the extent that the Motion requests to have Respondents prohibited from moving Petitioner outside of the jurisdiction of the Eastern District of California and enjoin Defendants from sending her to any place outside of the United States, the Court finds that such dispute is not ripe for resolution. Accordingly, that request is DENIED.

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**DISCUSSION**

**I.    Likelihood of Success on the Merits**

**A.  Procedural Due Process Claim**

Petitioner contends that her re-detention without a pre-deprivation hearing violated due process. (Pet. ¶ 69.) Respondents argue that Petitioner's detention is justified under 8 U.S.C. § 1225(b)(2) and 8 C.F.R. § 236.1(c)(9). This Court has previously rejected the Government's view of Section 1225. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899, at *3-4 (E.D. Cal. 2025).

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). While noncitizens located outside the United States are not granted the full protection of the Constitution, the Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens],

whether their presence here is lawful, unlawful, temporary, or permanent."). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690.

To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

### 1. Petitioner has a Protected Liberty Interest.

Respondents state that Petitioner admits to having returned to the United States without inspection after already having been removed once before. (Opp'n at 1; *see* Pet. ¶ 2.) To the extent that is an argument against finding a liberty interest, the Court disagrees based on the facts presented.

Governmental actions may create a liberty interest entitled to protections of the Due Process Clause. *Doe v. Becerra,* 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). This includes circumstances where the Government conditionally releases an individual from physical restraint. *Young v. Harper*, 520 U.S. 143, 147–49 (1997). Courts in the Ninth Circuit have extended this to include individuals released from ICE custody. *See Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1032–33 (N.D. Cal. 2025). Even when the Government initially has the discretion to detain or release someone from custody, once the Government decides to release them, that individual gains a constitutionally protected liberty interest in remaining out of custody. *See Morrissey v. Brewer,* 408 U.S. 471, 482 (1972); *see Ortega v. Bonnar,* 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond.").

1 | Although Petitioner re-entered the United States after being removed in 2008, she was re-detained by ICE in 2023 and released with an order of supervision. (Pet. ¶ 2.) This release included a determination that Petitioner was not a flight risk or danger to the community. (*Id.*) Thus, by electing to release her, the Government created a liberty interest. Since 2023, Petitioner has established a life for herself, including working as a cashier and raising her seven-year-old daughter. (*Id.* ¶¶ 8.9.) Accordingly, Petitioner has demonstrated a protected liberty interest.

**2. Petitioner is Entitled to a Pre-Deprivation Bond Hearing.**

Having determined that Petitioner has a protected liberty interest, the Court applies the factors in *Mathews v. Eldridge* considering (1) the private interest affected; (2) the risk of erroneous deprivation; and (3) the government's interest. 424 U.S. 319, 335 (1976).

Here, Petitioner has a substantial private interest in maintaining her out-of-custody status. Petitioner was released in 2023 and has established a life for herself within the bounds of the conditions imposed by her release. *See Zadvydas*, 533 U.S. at 690. Additionally, the risk of erroneous deprivation is considerable. Civil immigration detention is "nonpunitive in purpose and effect" and, therefore, only justified when a noncitizen is a flight risk or danger to the community. *Zadvydas*, 533 U.S. at 690. Respondents do not assert that Petitioner presents either risk. (*See generally* Opp'n.) It is undisputed that Petitioner complied with the terms of her release. (Mot. at 3; *see generally* Opp'n.) Finally, Respondents' interest in detention is low. *Ortega*, 415 F. Supp. 3d at 970; *see Hernandez*, 872 F.3d at 994. The effort and cost required to provide Petitioner with procedural safeguards are minimal.

Having found that Petitioner has a liberty interest and determined, via the *Mathews* factors, that she is entitled to process, and that process should have been afforded to her prior to detention, the Court finds that Petitioner has established a likelihood of success on the merits of her due process claim.

////

## II. Remaining Factors

Petitioner will suffer irreparable harm in the absence of preliminary injunctive relief. "It is well established that the deprivation of constitutional rights "unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted). Moreover, the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention." *Hernandez*, 872 F.3d at 995. The Petitioner has thus established irreparable harm.

The final two *Winter* factors merge when the government is the nonmoving party. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). The interests of equity and the public weigh in favor of Petitioner here. As discussed above, Petitioner is harmed by her ongoing detention. A temporary restraining order also inflicts minimal harm to the government. Though Respondents have an interest in enforcing immigration laws, "the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-cv-05071-BLF, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). "[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). There also appears to be no dispute as to Petitioner's risk of flight or danger to the community. For these reasons, the Court concludes that the equities and public interest weigh in favor of Petitioner.

## III. Bond

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court has "discretion as to the amount of security required, <u>if any,</u> and it "may dispense with the filing of a bond

6

when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original). Because "the [government] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1983), the Court finds that no security is required here.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is converted to a Motion for Preliminary Injunction and GRANTED IN PART and DENIED IN PART.

2. Petitioner Maria Aguilar Hernandez shall be released immediately from Respondents' custody. Respondents shall not impose any additional restrictions on her, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice – describing the change of circumstances necessitating her arrest and detention – and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

////
////
////
////
////

4. This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings, *see* L.R. 302(c)(17), with the exception of any motion to modify the terms of this Order.

IT IS SO ORDERED.

Dated: **February 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – AGUILARHERNANDEZ26cv00709.tro/pi_d1